IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER ANTHONY DENNIS, | : | CIVIL ACTION NO. **1:CV-05-2145** |
| Petitioner | : | (Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| BUREAU OF IMMIGRATION and CUSTOMS ENFORCEMENT INTERIM FIELD OFFICE DIRECTOR FOR DETENTION AND REMOVAL FOR THE MIDDLE DISTRICT OF PENNSYLVANIA, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On October 20, 2005, Petitioner, Roger Dennis, filed, *pro se*, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 with this Court. (Doc. 1). Petitioner filed a motion to proceed *in forma pauperis*, which was granted by the Court. The Habeas Petition was then served on Respondent. Respondent's Response to the Habeas Petition, with exhibits, was filed on November 14, 2005. (Doc. 6). Petitioner filed his Traverse with exhibits on November 22, 2005. (Doc. 7). The Habeas Petition is now ripe for disposition.[1]

---

[1] Prior to filing the habeas petition in this action, Petitioner filed a habeas petition in the United States District Court for the Eastern District of New York on February 7, 2005, Civil No. 05-750, E.D. N.Y. On September 29, 2005, the United States District Court for the Eastern District of New York issued an Order transferring the portion of Petitioner's Habeas Petition which challenged his removal order to the Third Circuit Court of Appeals pursuant to the Real ID Act of 2005, and transferred the portion of the Petition challenging Petitioner's continued detention to this Court. The United States District Court for the Eastern District of New York also stayed Petitioner's removal from the United States pending further Order of the transferee Courts. Petitioner is still subject to the stay imposed by the United States District Court for the

In the above-referenced §2241 habeas case, the Petitioner is a Bureau of Immigration and Customs Enforcement ("BICE") detainee at York County Prison seeking release from confinement and claiming that his continued detention violates the Constitution. (Doc. 1). In his Habeas Petition, Petitioner claims that the 90-day removal period has expired in his case, and that since he has provided everything BICE had asked for his removal, he should have been released from detention by BICE after the 90-day period lapsed. (Doc. 1, p. 2). Petitioner indicates that a final removal order was entered in his case on November 12, 2003 and that prior to this order, he had fully cooperated with BICE to effectuate his removal by providing it with his passport and birth certificate. (*Id.*, p. 1). Petitioner claims that he is a citizen of Guyana and that the Guyana government has not agreed to accept him into the country, nor has it issued a travel document for him. Petitioner thus claims that he "has been lingering in detention for approximately twenty-six months." Petitioner claims that his continued detention, which is now well beyond the 6-month presumptive removal period, violates the Supreme Court's holding in *Zadvydas*. (*Id.*, pp. 1-2). As

---

Eastern District of New York.
     Upon receipt by this Court of Petitioner's transferred Habeas Petition and the unlawful continued detention claim, the case was docketed to Civil No. 05-1981, M.D. Pa., on September 30, 2005. Petitioner then filed a second, new Habeas Petition with this Court, *i.e.* the present case (05-2145), on October 20, 2005, in which he raised the identical claim regarding his continued unlawful detention by BICE.
     On November 29, 2005, Respondent filed a Motion to Consolidate the Petitioner's cases, Civil Action Nos. 05-1981 and 05-2145. (Doc. 7, 05-1981). Respondent filed a Brief in support of the Motion on the same date. (Doc. 8). On January 30, 2006, the Court granted Respondent's Motion to Consolidate. (Doc. 9). Petitioner's case number 05-1981 was closed. Petitioner's case 05-2145 is now ripe for disposition and is the subject of this Report and Recommendation.

2

relief, Petitioner requests that this Court release him from his continued detention which he claims is illegal. (*Id*., p. 2).

Petitioner Dennis is a native and citizen of Guyana who entered the United States on or about June 21, 1987, as a permanent lawful resident. (Doc. 6, Ex. 1). Petitioner remained as a legal alien for almost 16 years (*i.e.* since his initial entry to the United States until his April 2003 state court conviction). (Doc. 7, p. 4 & Ex. A-2 & Doc. 6, Ex. 1). Petitioner has two (2) children. (Doc. 7, p. 4). The record does not indicate that Petitioner was naturalized.

On April 14, 2003, Petitioner was convicted in the Supreme Court of New York, Kings County, of attempted criminal sale of a controlled substance in the third degree, namely cocaine, in violation of New York Penal Law § 220.39-1. This was a felony drug conviction. (Doc. 6, Exs. 1, 2 & 3 and Doc. 7, Ex. B-1). Petitioner was sentenced to 1-3 years imprisonment. (Doc. 6, Ex. 8, p. 2 & Doc. 7, Ex. A-2). On July 22, 2003, BICE issued a Notice to Appear charging that Petitioner was subject to removal from the United States based on his stated drug conviction. (Doc. 6, Ex. 1). Petitioner was found to be removable under § 237(a)(2)(A)(iii) and § 237(a)(2)(B)(i) of the INA.[2] A Removal Order was issued by an Immigration Judge ("IJ") on November 12, 2003, and Petitioner was ordered removed from the United States to Guyana. (Doc. 6, Ex. 2).[3] Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), and on February 23, 2004,

---

[2] Section 237(a)(2)(A)(iii) of the INA provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii).

[3] Respondent incorrectly states that Petitioner's removal order was dated November 13, 2003. Doc. 6, p. 2.

3

the BIA dismissed his appeal. (Doc. 6, Ex. 3).[4]

As noted, Petitioner then filed a Petition for Writ of Habeas Corpus in the United States District Court for the Eastern District of New York on February 7, 2005, E.D.N.Y. Civil No. 05-750, in which he challenged the decision of the IJ to remove him as well as challenged his continued detention by BICE. On September 29, 2005, the Eastern District of New York District Court transferred Petitioner's portion of his Habeas Petition regarding the Removal Order to the Third Circuit Court of Appeals under the Real ID Act of 2005, and transferred Petitioner's habeas claim that his continued detention was unlawful to the Middle District of Pennsylvania, his place of confinement Court.    Also in its September 2005 Order, the District Court in New York stayed Petitioner's removal from the United States pending further Order of the transferee courts. (Doc. 6, Ex. 4).

On October 20, 2005, BICE completed a second custody review of Petitioner and determined that Petitioner's detention should be continued since he has a pending stay of removal and is a flight risk, as well as a threat to the community if he was released. (Doc. 6, Ex. 6). In its decision to continue detention, BICE indicated that the stay of removal was the only reason preventing BICE from effecting Petitioner's removal, and because of this, coupled with the New York state court's denial of Petitioner's motion to vacate his drug conviction, he was considered a flight risk. BICE also concluded that due to Petitioner's prior detailed criminal history, including convictions for attempted assault, weapons violations, attempted drug sale and probation violations,

---

[4]In its decision,  the BIA found that Petitioner 's felony drug trafficking conviction, an aggravated felony under the INA, rendered him removable under  § 237(a)(2)(A)(iii) and § 237(a)(2)(B)(i) .    Doc. 6, EX. 3.

he was considered a danger to the community. (*Id*.). The Decision of October 20, 2005 also stated as follows:

> A stay has been granted in your case. If your stay has not been lifted within one year, you will be scheduled for a Post-Order Custody Review (POCR) and served with a Notice to Alien of File Custody Review. If your stay is lifted and ICE does not effect your removal prior to the 90th day following the lifting of the stay, a new POCR will be conducted.

(*Id*.).

As stated, Petitioner then filed the present Habeas Petition with this Court on October 20, 2005, raising a claim regarding the legality of his continued detention by BICE.[5] It is undisputed that Petitioner has had a Stay of Removal issued in his case on September 29, 2005 by the Eastern District of New York and that this Court's stay of removal is still in effect. (Doc. 6, Ex. 4, Ex. 6 & Ex. 8, p. 4).

Thus, the Petitioner's challenge of the IJ's removal order and of the BIA's order affirming his removal appear to remain with the Third Circuit Appeals Court, and it is undisputed that the stay imposed by the Eastern District of New York is still in effect. [6]

---

[5] It is not clear from the present record if the Petitioner's stated claim regarding his challenge to the Removal Order, which was transferred on September 29, 2005 by the Eastern District of New York to the Third Circuit Court of Appeals pursuant to the Real ID Act of 2005, is still pending with the Third Circuit Court of Appeals. In any event, BICE can seek to have the stay of removal vacated by the Court of Appeals.

[6] As stated, the Eastern District of New York docket sheet indicates that Petitioner was granted a stay of removal in the Eastern District of New York on September 29, 2005, and it is still in effect. (Doc. 6, Ex. 4 & 6). According to Petitioner's October 2005 Post Order Custody Review Worksheet (POCRW), Petitioner was granted a stay of removal on March 23, 2004 by the Eastern District of New York District Court so that he could pursue his state court appeal of

## II. Claims of Habeas Petition.

Petitioner states in his Traverse that he is challenging his continued detention by BICE, alleging that it violates *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491 (2001).  (Doc. 7, p. 5). Petitioner is subject to a final removal order as of February 2004, when the BIA dismissed his appeal of the IJ's removal order.  Petitioner states that he has been incarcerated under the custody of BICE for approximately 2 years and 5 months (*i.e.* since August 25, 2003) and that his continued detention is unlawful.  (Doc. 7, pp. 4-5).  Respondent 's evidence indicates that Petitioner was taken into BICE custody on July 23, 2003. (Doc. 6, Ex. 8, p. 1).  Petitioner also contends that he is no longer within the six-month presumptive deportation period as specified by *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491 (2001).  Petitioner states that since he is beyond the six-month preemptive removal period, once he provides good reason to show that there is no significant likelihood of his removal in the reasonably foreseeable future, BICE must show that his removal is reasonably foreseeable in order to permit continued detention of him.  (Doc. 7, p. 5).

To date, Petitioner concedes that he has been given two custody reviews by BICE, the first on September 10, 2004, and the second in September 2005.  In fact, Petitioner attaches copies of the two Decisions to Continue his Detention to his Traverse, Doc. 7, Ex. A-1, Ex. A-2.  Petitioner essentially challenges BICE's findings in its custody reviews that he is a danger to the community based on his attempted sale of a controlled substance conviction, which he points out was not a direct drug sale conviction, and that he has a family and children who are very involved in the community.  (Doc. 7, p. 6).  Petitioner also argues that BICE is basing its decisions to continue his

---

his drug conviction. (Doc. 6, Ex. 8, p. 2, and Ex. 6).

detention on convictions for which he was not charged and for which he was conditionally discharged, and that his motion to vacate his April 2003 New York State conviction for attempted criminal sale of a controlled substance in the third degree is currently still pending. (*Id*.). Petitioner concedes that he was convicted of attempted criminal sale of a controlled substance. (*Id*., p. 8). Respondent's evidence shows, through BICE's October 2005 POCRW, Petitioner's criminal history, including attempted assault and menacing conviction, as well as drug possession. Respondent's evidence also shows that Petitioner's November 2004 motion to vacate his April 2003 attempted drug sale judgment of conviction, filed with the New York Supreme Court, was denied on March 30, 2005. (Doc. 6, Ex. 8, pp. 2, 6). In fact, Petitioner's own evidence attached to his Traverse reveals that in 1994, Petitioner was convicted of attempted assault, and in 1999, he was convicted of criminal possession of a controlled substance. (Doc. 7, Ex. B-1, p. 2). Further, Petitioner's evidence shows that in 1989, he was convicted of criminal possession of a weapon. (*Id*.). Thus, we find no merit to Petitioner's claim that BICE did not properly consider his criminal history in its custody review. We also find that BICE had ample evidence to conclude that Petitioner was indeed a threat to the community based on his criminal history.

Petitioner also claims that he was not afforded a meaningful individualized custody review consistent with this Court's decision in *Haynes v. DHS*, 2005 WL 1606321 (M.D. Pa. 7-8-05). (Doc. 7, p. 6).[7] Petitioner argues that under *Patel*, he is entitled to an individualized hearing to determine if he is a flight risk. (Doc. 7, p. 9). *See Patel v. Zemski,* 275 F. 3d 299, 307 (3d Cir. 2001)[8] (under

---

[7] A copy of the *Haynes* case is attached to Respondent's Response, Doc. 6, as Ex. 7.

[8] *Patel* was overruled in part by *Demore v. Kim*, 538 U.S. 510 (2003).

7

*Zadvydas*, immigration detention implicates a fundamental liberty interest, and the INS is limited with respect to the detention of post-removal-order aliens "to a period reasonably necessary to bring about the alien's removal, generally no more than six months." *Id*. at 309 (citing *Zadvydas*, 121 S. Ct. at 2505)). Respondent argues that Petitioner did in fact have a meaningful individualized custody review consistent with the *Hayes* decision, and that his continued detention is thus constitutional. (Doc. 6, p. 4). We agree with Respondent.

As his instant claim, Petitioner states that, despite being given two custody reviews by BICE in September 2004 and in September 2005, the decisions of BICE to continue his detention were faulty since he was only convicted of attempted criminal sale of a controlled substance and that BICE cannot prove that he was convicted of any of the other charges for which he was arrested. As discussed, we have found no merit to this contention of Petitioner.

Petitioner also claims that he did not have an opportunity to oppose the findings of BICE that he was a danger to the community and a flight risk, and that he was not called for his review, it was decided based on his file. (*Id*., pp. 5-8). Thus, Petitioner challenges his custody reviews, claiming that his prior convictions are not sufficient for BICE to conclude that he is a danger to the community, and that just because a stay of removal was imposed, does not mean that he is a flight risk. (*Id*., p. 8). As such, Petitioner requests that he be released from confinement by BICE under conditions of supervision. Petitioner claims that he is a low risk classification at YCP and is housed with aliens who are non-violent. (*Id*., p. 9). Petitioner claims that he has fully cooperated with BICE to effectuate his removal, and that he is not a danger to the community. (*Id*., p. 9 & Ex. B-1). As discussed, we have found sufficient evidence for BICE's conclusion that Petitioner is a danger to the

community. We also find that Petitioner has not controverted Respondent's evidence, which shows that Petitioner has not made any attempts to obtain a travel document, that the Guyana Embassy readily issues travel documents, and that one will be obtained for Petitioner once his stay of removal is lifted. (Doc. 6, Ex. 8, pp. 4, 6).

Both the October 2004 and October 2005 BICE custody decisions state the bases for the continued detention of Petitioner including his criminal past as well as his flight risk assessment. (Doc. 7, Ex. A-1 & Ex. A-2). The October 2005 Decision stated as follows:

> Your stay of removal is still in effect as of this date. On October 19, 1989, you were convicted of criminal possession of a weapon; on October 31, 1994, you were convicted of attempted assault and menacing; on March 9, 1999, you were convicted of criminal sale of controlled substances and then re-sentenced on April 14, 2004 for a violation of probation. Because the Stay is the only reason preventing ICE from effecting your removal and the Supreme Court of New York has denied your motion to vacate judgment in your criminal proceedings you are considered to be a flight risk. Because of your criminal history which includes convictions for assault, weapons violations, criminal sale of controlled substance and probation violations you are deemed a danger to the community pursuant to 8 C.F.R. 241.4.

(Doc. 7, Ex. A-2).

Further, the October 2005 Decision indicated that Petitioner has been granted a stay of removal by the Eastern District of New York and that his custody will be reconsidered if the stay is not lifted within one year or when the stay is lifted. (*Id.*).

## III. Discussion.

In his Habeas Petition and Traverse, Petitioner states that he has been in BICE custody for over two years. Petitioner has remained in BICE custody to the present.

Petitioner contends that his continued detention by BICE violates *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491 (2001). As found by the Eastern District of New York Court, this Court retains jurisdiction only over Petitioner's continued detention claim. Petitioner claims that he has been detained for longer than the six-month removal period, that his continued detention is contrary to Judge Vanaskie's decision in *Haynes v. DHS*, 2005 WL 1606321 (M.D. Pa.) (Provisions of 8 C.F.R. § 241.4 should be applied to aliens who have been in custody for over 6 months after a stay of removal has been issued), and that he should be given a meaningful individualized hearing regarding his continued detention and his risk of flight and danger to the community.

Petitioner is subject to a final removal order as of February 2004 when his appeal of his removal order to the BIA was dismissed. (Doc. 6, Ex. 3). Petitioner states that he has been in BICE custody now for well over two years. Petitioner has remained in BICE custody to the present day. However, we agree with Respondent (Doc. 6, pp. 4-5) that Petitioner has received meaningful individualized reviews as this court in *Haynes* directed.

Our inquiry is limited to Petitioner's contention that his continued detention violates *Zadvydas*. Petitioner asserts that under *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491 (2001), as an alien in post final removal order detention, he is being unlawfully detained. Petitioner seemingly claims that Respondents have violated his due process rights by failing to conduct a meaningful custody review pursuant to 8 C.F.R. § 241.4 and that they failed to make a proper assessment of his threat to the community and risk of flight. Petitioner also claims that he is entitled to an individualized determination as to whether he is a risk of flight or a threat to the community. Petitioner indicates that his removal period has ended long ago.

Petitioner also asserts that as an alien subject to a final removal order, BICE cannot retain custody of him beyond six (6) months, once he has provided good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future, and that BICE must show a reasonable likelihood of his deportation. (Doc. 7, pp. 4-5). Petitioner asserts that BICE had six months to determine if it is able to deport him in the reasonably foreseeable future and that his six-month presumptive removal period has expired. Petitioner also seems to claim that, under the due process clause, he should not be detained since there is no likelihood that BICE can remove him in the reasonably foreseeable future.

Petitioner contends that his mandatory continued detention by BICE is unconstitutional. Petitioner indicates that the issuance of a stay of his removal is not relevant to his claim of unlawful continued detention, and that he is an alien in a post-removal case who is being detained beyond the six-month removal period. (*Id*., pp. 6-7). Petitioner claims that he has not received a meaningful individualized custody review as required by *Haynes* since he "has never been called to the office of DHS for any kind of personalized (face to face) matter all reviews were done through his file." (*Id*., p. 6).

In its Response, the Respondent contends that Petitioner is receiving regular, individualized, meaningful custody reviews, and that his removal is reasonably foreseeable once the stay is lifted. We agree with Respondent. As mentioned, Petitioner has not refuted Respondent's evidence that, once the stay of removal is lifted, a travel document will be issued by Guyana without any difficulty.

As stated, in Petitioner's Habeas Corpus Petition, he alleges that his indefinite detention by the BICE at the York County, Pennsylvania, Prison is a violation of his due process rights. Petitioner

11

cites to *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491 (2001).  Under *Zadvydas,* as Petitioner recognizes, an alien in post final removal order detention beyond six (6) months is entitled to a custody determination once he has provided good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future, and BICE must show a reasonable likelihood of his deportation.  Petitioner also claims he has been denied a meaningful custody review, and his Petition seeks immediate supervised release.

In response, Respondent correctly asserts that in *Haynes,* this Court disagreed with BICE that the removal period did not yet expire in Petitioner's case because the stay tolled his removal period.  Petitioner has been in BICE custody for about two years and six months (July 2003 to February 2006).  Respondent recognizes that our Petitioner's six-month removal period has expired.  However, Respondent has shown that Petitioner's removal is reasonably foreseeable once the stay is lifted.  Petitioner has not controverted Respondent's evidence.

According to *Zadvydas*, detention of a post-removal order alien is presumptively reasonable for six months.  *Zadvydas*, 533 U.S. at 701.  Following this six-month period, if the alien shows that there is no significant likelihood of his removal in the reasonable future, BICE must present evidence to rebut the alien's showing.  *Id.*[9]

In *Oyedeji*, Judge Vanaskie stated that "The price for securing a stay of removal should not be continuing incarceration."  He then ordered the alien released.  332 F. Supp. 2d at 753, 755.

---

[9]As in *Zadvydas*, our Petitioner is an alien who is removable on the grounds of deportability (Doc. 6, Exhibit 1) and, thus, the Court's holding in that case applies to Petitioner. *See* 8 U.S.C. § 1231 (a)(6) and §§ 1227 (a)(6) and 1227 (a)(2).  The Respondent does not dispute this.

However, prior to this Order, the Court directed that Petitioner Oyedji be given regular custody reviews by BICE. When the Court directed the release of Petitioner Oyedji, it found that Petitioner did not receive custody reviews. We find *Oyedji* distinguishable from the present case, since our Petitioner is undisputedly receiving regular periodic custody reviews in which Petitioner is allowed to present evidence supporting his release from confinement and his evidence is being considered by BICE. (Doc. 6, Ex. 8, p. 5). In fact, Petitioner will receive another custody review in about October 2006. (Doc. 6, Ex. 6).

We also find that the government retains an interest in detaining an alien after the issuance of a removal order but prior to the completion of the judicial process. As stated, the judicial process in Petitioner's case and his challenge to his removal order is seemingly still pending with the Third Circuit. The government has been ordered by the District Court for the Eastern District of New York not to remove Petitioner during the pendency of his case. Petitioner's argument seems to be, on the one hand, that BICE is continuing to detain him unlawfully in excess of the removal period and that his removal to Guyana is not presently foreseeable, yet on the other hand he has the benefit of a stay of removal while his challenge to the removal order is pending; and during the stay BICE is prevented from taking any action to effectuate his removal. Further, as discussed, we find that the Respondent's evidence shows that Petitioner is receiving meaningful custody reviews and that his removal to Guyana is reasonably foreseeable once the stay is lifted. (Doc. 6, Ex. 8). Petitioner has not offered any evidence to dispute the stated evidence of Respondent. Petitioner has been given the opportunity to submit his evidence that he is not a danger to the community and that he is not a flight risk to BICE.

13

We thus find that Petitioner has been given meaningful custody reviews by BICE pursuant to 8 C.F.R. § 241.4.[10]

Moreover, we find that Respondent has presented evidence that a travel document for Petitioner and his removal to Guyana will be easily obtained once the stay of removal is lifted. (Doc. 6, Ex. 8, p. 6). Specifically, BICE found as follows:

> The Embassy of Guyana is very good about issuing documents; the only thing preventing DENNIS' removal from the United States is the current stay in the EDNY. DENNIS' motion to vacate his criminal judgment was denied which was the basis for the stay. I recommend continued detention until the stay is

---

[10] Subsequent to *Zadvydas*, the former INS enacted new regulations in which it established a custody review procedure. *See* 8 C.F.R. § 241.13. Section 241.13 "establishes special review procedures for those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at § 241.4 after the expiration of the removal period, where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed ... in the reasonably foreseeable future." 8 C.F.R. § 241.13(a). The regulations require the alien to provide good reason to believe there is no significant likelihood of removal to the country to which he was ordered removed in the reasonably future. 8 C.F.R. § 241.13(a). The alien must commence the custody review process by submitting a request, upon which BICE will conduct a review in order to determine whether there is no significant likelihood that the alien will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(c). The alien can also present evidence to support his claim that he will not be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d).

Petitioner has been given two custody reviews with the BICE pursuant to the procedures set forth in 8 C.F.R. § 241.4. In fact, Petitioner admits in his Traverse to his Habeas Petition that he has been given two custody review pursuant to 8 C.F.R. § 241.4. (Doc. 7, p. 5). The Petitioner can utilize this custody review process to present evidence in support of his release and present evidence that his removal is not reasonably foreseeable, and that he is not a flight risk or a danger to the community.

14

> vacated as I consider DENNIS' to be a greater flight risk since his motion in the Supreme Court of NY.

(*Id.*).

It was also found as follows with respect to Petitioner's most recent custody review in October 2005:

> The subject is currently under a Stay of Deportation. Once the Stay is lifted this Officer will contact the Embassy of Guyana and request a travel document. This Officer has received numerous documents from the Embassy of Guyana over the recent months and a very good working relationship exists between this Officer and Ms. Dublin at the Embassy. Travel documents have been arriving in two to three weeks after being requested.

(*Id.*, p. 4.).

We do not find that Petitioner has controverted this evidence.

Additionally, Petitioner in *Oyedeji* was in BICE custody for five years and he was found removable due to a non-violent offense (petit larceny) he committed as a minor. Petitioner in *Oyedeji* was not receiving regular custody reviews, and he did not obtain a stay from the court which barred his removal. *Oyedeji, supra*, 332 F. Supp. 2d 749-751. Also, this Court in *Oyedeji* initially conditionally granted Petitioner's habeas corpus petition and ordered BICE to conduct a custody review (POCR) of Petitioner pursuant to 8 C.F.R. § 241.4, and the Court subsequently found that its order was not followed by BICE. *Id*. at 751.[11]

---

[11]As discussed, we find that our Petitioner is receiving regular, meaningful, periodic custody reviews by BICE. Thus, *Oyedji* is not determinative of this case. *See Abimbola v. Ridge*, 2005 WL 588769 *3, n. 6 (D. Conn.). Also, as in *Abimbola*, our Petitioner was not merely convicted of minor shoplifting offenses, as was Petitioner Oyedji; rather, our Petitioner was convicted of attempted drug sale and was found to be an aggravated felon. (Doc. 6, Ex. 3, Ex.

15

In *Haynes*, this Court conditionally granted the habeas corpus petition and again found that the alien should be given a post-removal custody review under § 241.4 when Petitioner Haynes had been in custody more than six (6) months after a stay of removal was issued. *Haynes, supra.* at *6. The *Haynes* Court then stated that otherwise, an alien who poses no threat to the community or flight risk could be detained indefinitely during his non-frivolous litigation of his removal order. In our case, unlike Petitioner Oyedeji, who was a non-violent offender, and unlike the *Haynes* case requiring a custody review to see if the alien poses any threat to the community and is a flight risk, Petitioner Dennis undisputedly has had two custody reviews, in October 2004 and as recently as October 2005. It was determined that, notwithstanding his evidence of his letter from his daughter, sister, YCP counselor, 3 friends and a petition with 15 names, he had a violent criminal past and that he may pose a threat to society. (Doc. 6, Ex. 8). It was also indicated in Petitioner's October 2005 custody review decision that if his stay was not lifted within one year, he will be given a Post-Order Custody Review (POCR) and served with a Notice to Alien of File Custody Review. (Id., Ex. 6). Further, it was indicated that if Petitioner's stay is lifted and BICE does not effectuate his removal in 90 days thereafter, a new POCR will be conducted. (Doc. 6, Ex.6J). Thus, if Petitioner's stay is not lifted by October 2006 (about 8 months from now), he will have a POCR scheduled and he will be provided with a Notice of File Custody Review. (*Id.*). Petitioner will then be given another opportunity to show that his removal is not reasonably foreseeable and that he is not a threat to the community or a flight risk. He will again be able to submit any documentation that he wishes to be reviewed to support his release. (Doc. 6, Ex. 8, p. 5).

---

8, p. 6).

As discussed, we find that Petitioner has been provided with and will continue to be provided with meaningful custody reviews on a regular basis, and if his stay is not lifted, he will be scheduled for a POCR in about 8 months from now, at which time he can again present any evidence that he has to support his release.

## IV. Recommendation.

Based on the foregoing, it is respectfully recommended that Petitioner's Habeas Petition which challenges his continued detention be denied. It is also recommended that Petitioner's stay of removal be vacated.[12]

                                                   **s/ Thomas M. Blewitt**
                                                   **THOMAS M. BLEWITT**
                                                   **United States Magistrate Judge**

**Dated: February 13, 2006**

---

[12]We are unaware of the status of the portion of Petitioner's Habeas Petition challenging his removal order, which was transferred by the Eastern District of New York District Court to the Third Circuit Court of Appeals. Further, we do not know if the Third Circuit Court of Appeals has continued Petitioner's stay of removal imposed by the Eastern District of New York District Court.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER ANTHONY DENNIS, | : | CIVIL ACTION NO. **1:CV-05-2145** |
| | : | |
| Petitioner | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| BUREAU OF IMMIGRATION and | : | |
| CUSTOMS ENFORCEMENT INTERIM | : | |
| FIELD OFFICE DIRECTOR FOR | : | |
| DETENTION AND REMOVAL FOR THE | : | |
| MIDDLE DISTRICT OF | : | |
| PENNSYLVANIA, | : | |
| | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **February 13, 2006.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: February 13, 2006**