**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROGER ANTHONY DENNIS,** | : | **CIVIL ACTION NO. 1:CV-05-2145** |
| **Petitioner** | : | **(Judge Kane)** |
| **v.** | : | |
| **BUREAU OF IMMIGRATION and CUSTOMS ENFORCEMENT INTERIM FIELD OFFICE DIRECTOR FOR DETENTION AND REMOVAL FOR THE MIDDLE DISTRICT OF PENNSYLVANIA,** | : | |
| **Respondent** | : | |

**ORDER**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Before the Court are Petitioner's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. No. 10), and Petitioner's Objections to the Report and Recommendation (Doc. No. 11).

The issues before Magistrate Judge Blewitt arose out of Petitioner's detention after being ordered removed from the Unites States based upon a felony drug conviction in the Supreme Court of New York, King's County. On November 12, 2003, an Immigration Judge ordered Petitioner removed from the United States to Guyana pursuant to 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1227(a)(2)(B)(i). Petitioner appealed the order to the Board of Immigration Appeals, which dismissed his appeal on February 23, 2004. Petitioner then filed a petition for Writ of Habeas Corpus in the United States District Court for the Eastern District of New York challenging the removal order. On September 29, 2005, the New York District Court issued a stay of

Petitioner's removal pending further order and transferred Petitioner's challenge to the United States Court of Appeals for the Third Circuit. (Doc. No. 6, Ex. 4). Petitioner's challenge of the removal order is currently pending before the Third Circuit. See Dennis v. Attorney General, Case No. 05-4457. Petitioner remains detained at York County Prison while he awaits adjudication of his petition by the Third Circuit Court of Appeals.

On October 20, 2005, Petitioner filed a petition for Writ of Habeas Corpus in this Court, seeking release from confinement and claiming that his continued detention by the Bureau of Immigration and Customs Enforcement ("BICE") violates the United States Constitution. Petitioner argues that a final order of removal was issued on February 23, 2004, when the Board of Immigration Appeals dismissed his appeal, and therefore BICE cannot retain custody of him beyond six months without conducting a personal interview pursuant to 8 C.F.R. § 241.4(i)(3). (Doc. Nos. 1, 7.) Petitioner contends that because he is beyond the six-month preemptive removal period, his continued detention without a meaningful individualized custody review violates the Supreme Court's holding in Zadvydas v. Davis, 533 U.S. 678, 683-684 (2001).

Magistrate Judge Blewitt found that BICE is prevented from taking any action to effectuate removal of Petitioner due to the stay imposed by the New York District Court, that Petitioner has received meaningful custody reviews, and that Petitioner's removal is reasonably foreseeable once the stay is lifted. (Doc. No. 10.) Petitioner's objection to the Magistrate Court's report and recommendation is simply a restatement of his claim that BICE failed to provide him with a personal interview.

Pursuant to 8 U.S.C. § 1226(c)(1), detention is mandatory if an alien is convicted of an aggravated felony or for violating controlled substance laws. See Demore v. Kim, 538 U.S. 510,

531 (2003) (upholding the mandatory detention provision of 8 U.S.C. § 1226(c)). After a final order of removal has been issued, the Attorney General has ninety days to remove an alien from the United States. 8 U.S.C. § 1231(a)(1)(A). However, if the removal order is judicially challenged and a court orders a stay of removal, then the removal period begins to run on the date of the court's final order on the challenge to removal. 8 U.S.C. § 1231(a)(1)(B)(ii); see also 8 C.F.R. § 241.4(g)(1)(i)(B) (the pertinent Immigration and Naturalization Service regulations provide that the removal period "shall begin on the latest of the following dates: . . . (B) If the . . court has ordered a stay of the alien's removal, the date on which, consistent with the court's order, the removal order can be executed . . . ."). Only after adjudication of the alien's challenge and the stay is lifted must the BICE provide a meaningful custody review in accordance with the procedures set forth in 8 C.F.R. § 241.4(i).[1]

Petitioner is currently under a stay of deportation issued at his request by the District Court for the Eastern District of New York and Petitioner's petition for Writ of Habeas Corpus is pending before the Third Circuit Court of Appeals. Accordingly, Petitioner's challenge to his continued confinement pending removal under Zadvydas is premature. Because the removal period has not yet expired, Petitioner is not entitled to the procedures for post-removal order detention determinations set forth in 8 C.F.R. § 241.4(i).

---

[1] See Wang v. Ashcroft, 320 F.3d 130, 147 (2d Cir. 2003) ("if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien [pending review]," then the removal period begins on "the date of the court's final order"); see also Haynes v. Dep't of Homeland Sec., No. 05-339, 2005 U.S. Dist. LEXIS 13662, at *9 (M.D. Pa. July 8, 2005) ("when a stay of removal has been ordered, the ninety (90) day removal period begins to run only when the court entering the stay issues a 'final order'"); Yang v. Chertoff, No. 05-73098, 2005 U.S. Dist. LEXIS 32422, at *9 n.6 (E.D. Mi. Sept. 8, 2005) ("when a stay of removal is entered by the reviewing court, the matter is effectively removed from a final removal order posture).

Accordingly, upon an independent de novo review of the entire record and the applicable law, the Court will adopt Magistrate Judge Blewitt's Report and Recommendation and overrule Petitioner's objections thereto.

**AND NOW**, this 14th day of April, 2006, for the above reasons and all other reasons fully stated in Magistrate Judge Blewitts's Report and Recommendation, **IT IS HEREBY ORDERED THAT**:

1. The Court **ADOPTS** the Report and Recommendation of Magistrate Judge Blewitt (Doc. No. 10).

2. Petitioner's Objections to the Report and Recommendation (Doc. No. 11) are **OVERRULED**.

3. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) is **DISMISSED**.

4. The Clerk of the Court shall close the file.

S/ Yvette Kane
Yvette Kane
United State District Judge